# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **TERRY SUTPHEN** ) | |
| 986 Section Line 30 ) | |
| Bellevue, OH 44811 ) | Case No. |
| ) | |
| and ) | Judge |
| ) | |
| **BEVERLY SUTPHEN** ) | **COMPLAINT** |
| 986 Section Line 30 ) | |
| Bellevue, OH 44811 ) | Florence J. Murray (0080292) |
| ) | Charles M. Murray (0052083) |
| Plaintiffs, ) | William H. Bartle (0008795) |
| ) | **MURRAY & MURRAY CO., L.P.A.** |
| v. ) | 111 East Shoreline Drive |
| ) | Sandusky, Ohio 44870-2517 |
| **POCH STAFFING, INC., DBA** ) | Telephone: (419) 624-3000 |
| **TRILLIUM STAFFING SOLUTIONS** ) | Facsimile: (419) 624-0707 |
| 5555 Gull Rd., #207 ) | |
| Kalamazoo, MI 49048 ) | *Attorneys for Plaintiffs* |
| ) | |
| **CLIFFORD B. FINKLE, JR., INC.** ) | |
| 1230 McCarter Hwy. ) | |
| Newark, NJ 07104 ) | |
| ) | |
| **TAUREAN J. SIMS** ) | |
| 18960 Biltmore St. ) | |
| Detroit, MI 48235 ) | |
| ) | |
| **P&P TRANSPORTATION SERVICES,** ) | |
| **INC.** ) | |
| 63030 Constantine Rd. ) | |
| Constantine, MI 49042 ) | |
| ) | |
| **ELMER J. KROPF** ) | |
| 1009 Millard St. ) | |
| Three Rivers, MI 49093 ) | |
| ) | |
| and ) | |
| ) | |
| **PENSKE TRUCK LEASING CO., L.P.** ) | |
| 2675 Morgantown Road ) | |
| Shillington, PA 19607 ) | |

Defendants.

Now come Plaintiffs, Terry Sutphen and Beverly Sutphen, by and through counsel, and for their causes of action against the Defendants state as follows:

## PRELIMINARY STATEMENT

(1)   This is a clear liability multi-vehicle collision in which Defendant, Taurean J. Sims, on or about 8-20-2018, while operating a tractor-trailer as an employee and/or agent of defendant, Clifford B. Finkle, Jr., Inc.; Poch Staffing, Inc., dba Trillium Staffing Solutions and/or Penske Truck Leasing Co., L.P., eastbound on the Ohio Turnpike, drove onto the berm, striking a vehicle illegally parked on the berm operated by Defendant, Elmer J. Kropf, as employee and/or agent of P&P Transportation Services, Inc.  After striking the vehicle on the berm, the semi tractor-trailer operated by Defendant, Taurean J. Sims, struck a semi tractor-trailer driven by Plaintiff, Terry Sutphen, causing him to sustain multiple severe injuries, including a fractured neck, severe shoulder injuries, bladder injuries, lacerations and a traumatic brain injury.

## PARTIES AND JURISDICTION

(2)   Plaintiff, Terry Sutphen, is an adult individual who resides at 986 Section Line 30 in Bellevue, Ohio  44811.

(3)   At all times relevant to this Complaint, Mr. Sutphen was employed as a truck driver for David Price Metal Services, Inc., based in Norwalk, Ohio.

(4)   Plaintiff, Beverly Sutphen, is an adult individual and the spouse of Terry Sutphen, who also resides at 986 Section Line 30 in Bellevue, Ohio 44811.

(5)   Defendant, Taurean J. Sims, is an adult individual who resides at 18960 Biltmore Street in Detroit, Michigan  48235.  Mr. Sims was acting in the course and scope of his

employment, and/or as agent for Poch Staffing, Inc., Clifford B. Finkle, Jr., Inc., and/or Penske Truck Leasing Co., L.P., the owner of the 2016 Freightliner tractor being operated by Mr. Sims.

(6) Defendant, Clifford B. Finkle, Jr., Inc., is a New Jersey corporation, with its principal place of business at 1230 McCarter Highway in Newark, New Jersey 07104.

(7) Defendant, Poch Staffing, Inc., is a Michigan corporation doing business as Trillium Staffing Solutions. Its principal place of business is 5555 Gull Road in Kalamazoo, Michigan 49048.

(8) Penske Truck Leasing Co., L.P., at all relevant times, was the owner of the tractor operated by Defendant, Taurean J. Sims. Penske Truck Leasing Co., L.P., is a Delaware partnership, with its principal place of business at 2675 Morgantown Road, Shillington, Pennsylvania 19607.

(9) Defendant, Elmer J. Kropf, is an adult individual who resides at 1009 Millard Street in Three Rivers, Michigan 49093. Mr. Kropf was, at all times relevant to the Complaint, an employee or agent of Defendant, P&P Transportation Services, Inc.

(10) Defendant, P&P Transportation Services, Inc., is a Michigan corporation, with its principal place of business at 63030 Constantine Road in Constantine, Michigan 49042.

## **JURISDICTION**

(11) This diversity action is brought pursuant to 28 USC §1332. Plaintiffs, Terry Sutphen and Beverly Sutphen, are citizens of the State of Ohio. Individual Defendants, Taurean J. Sims and Elmer J. Kropf, are citizens of the State of Michigan. Defendant, Poch Staffing, Inc., dba Trillium Staffing Solutions, is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Kalamazoo, Michigan. Defendant, Clifford B. Finkle, Jr., Inc., is a corporation organized and existing under the laws of the State of

3

New Jersey, with its principal place of business in Newark, New Jersey. Defendant, Penske Truck Leasing Co., L.P., is a partnership organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania. Defendant, P&P Transportation Services, Inc., is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Constantine, Michigan. The crash which is the subject of this litigation occurred in Sandusky County, Ohio, in the lanes and berm for eastbound traffic on the Ohio Turnpike near mile post 88.

(12) The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

## FACTS COMMON TO ALL COUNTS

(13) On August 20, 2018, at approximately 10:20 a.m., Defendant, Taurean J. Sims, was operating a 2016 Freightliner Cascadia, owned by Penske Truck Leasing Co., L.P. and operated under the authority of Defendant, Clifford B. Finkle, Jr., Inc., U.S. DOT number 17723, driving eastbound in the far right lane on the Ohio Turnpike near mile marker 88 in Sandusky County, Ohio.

(14) At the same time and general location, Plaintiff, Terry Sutphen, was operating a 2011 Mack CXU Series Truck, owned by David Price Metal Services. He was also driving eastbound and was in the middle lane, behind, but in proximity to the vehicle being operated by Defendant, Taurean J. Sims. Mr. Sutphen was transporting a load on a flatbed trailer.

(15) A third truck, a 2004 Freightliner Columbia 112 CNV, operated by Defendant, Elmer J. Kropf, and owned by Defendant, P&P Transportation Services, Inc., was illegally parked on the right shoulder/berm. This vehicle displayed U.S. DOT number 244793, which was assigned to P&P Transportation Services, Inc. by the U.S. Department of Transportation.

(16) In Defendant, Elmer J. Kropf's, later statement to the Ohio State Highway Patrol, he stated that he was on the shoulder, "talking to other driver, writing down directions."

(17) Upon information and belief, Mr. Kropf did not activate his vehicle's hazard warning signal flashers and/or had not set out hazard triangles behind his commercial motor vehicle, in violation of 49 C.F.R. §392.22.

(18) Defendant, Taurean J. Sims, veered off the road, and struck the truck operated by Defendant, Elmer J. Kropf, pushing it into a ditch.

(19) He then crossed back into the roadway, across the eastbound lanes, and struck the right side of Mr. Sutphen's tractor-trailer, causing Mr. Sutphen's truck to flip and catch fire. Sims' truck jack-knifed and came to a stop in the far-left lane of the roadway.

(20) The officer investigating the collision discovered paper log sheets for Mr. Sims' driving hours. The cab also contained an Automatic On-Board Recording Device ("AOBRD") electronic log system, which did not match the paper logs.

(21) Mr. Sims' admitted to keeping separate logs.

(22) Paper hours of service logs showed that Sims was consistently driving outside the 14-hour driving window and beyond the 11-hour driving limit.

(23) The paper logs also show that Sims was not getting the required 10 consecutive off-duty hours before returning to the road.

(24) Defendant Sims, was ultimately placed out-of-service for the falsification of his log book. Altogether, Defendant Sims, was placed out-of-service for violations of 49 CFR § 395.3(a)(2) (driving beyond the 14-hour duty period), 49 CFR § 395.8(e)(1) (falsifying driver records), 49 CFR § 395.3(a)(3) (driving beyond the 11-hour limit), and was cited for R.C. 4511.21 (failing to maintain an assured clear distance).

(25) Upon information and belief, Defendant Sims fell asleep while operating his truck, or otherwise failed to maintain his lane and veered off the road as a result of impaired alertness related to fatigue.

(26) As a direct and proximate result of the collision, Mr. Sutphen has suffered severe and permanent injuries, including a fractured neck requiring permanent placement of screws, a shoulder injury causing permanent damage, a bladder injury, a head laceration and traumatic brain injury. He has undergone multiple surgeries, and multiple, extended hospital stays, and was forced to undergo grueling physical therapy for hours each week just to relearn how to walk and regain partial function in his arms.  Mr. Sutphen now has limited mobility in his neck, arms, and legs. Mr. Sutphen also suffers from psychological injuries due to the trauma, some of which may be caused and/or exacerbated by his brain injury.  He has suffered loss of income and earning capacity.  His injuries and impairments are permanent.

## COUNT ONE
### Negligence And Reckless, Wanton, Wilful, And Intentional Misconduct Claims Against Truck Driver/Defendant, Taurean J. Sims

(27) Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(28) At all relevant times, Defendant Sims had a duty to act with reasonable care and comply with those rules and regulations applicable to driving a commercial semi tractor-trailer, Federal and State, including, but not limited to, the Federal Motor Carrier Safety Regulations as set forth in the Federal Motor Carrier Safety Regulations Handbook, Ohio Revised Code Chapter 4511, including, but not limited to, R.C. §4511.21 and §4511.79, and the Ohio Commercial Drivers License Manual.

(29) Defendant Sims breached that duty and was negligent and/or negligent *per se* by,

among other things:

    a. driving beyond the legal duty periods as set forth in 49 CFR § 395.3(e)(1) and 49 CFR § 395.3(a)(3);

    b. operating a vehicle while his ability or alertness is so impaired, through fatigue, illness or any other cause, as to make it unsafe for him to begin or continue to operate the commercial motor vehicle, in violation of 49 CFR § 392.3;

    c. failing to reduce his speed when approaching a vehicle on the shoulder and/or to pass the vehicle on the shoulder in the middle or far left lane – not while in the far right lane;

    d. failing to maintain an assured clear distance from other vehicles on the roadway, including those on the shoulder and/or berm;

    e. allowing his truck to collide with other vehicles on the roadway, including those on the shoulder and/or berm;

    f. falsifying his logs in violation of 49 CFR § 395.8(e)(1), to facilitate the hours of service violations; and

    g. such further acts of negligence as are discovered during the course of these proceedings.

(30) As a direct and proximate result of Defendant Sims' negligence, Mr. Sutphen suffered severe and permanent injuries.

(31) As a result of his injuries, Mr. Sutphen has incurred, and will continue to incur pain and suffering; medical expenses; lost wages; and has lost the ability to engage in his regular activities from which he derived pleasure in life.

(32) Defendant Sims' falsification of his driver's logs, operation of his commercial tractor beyond the legal hours of service, and other wrongful conduct described herein constitutes reckless, wanton, wilful, and intentional misconduct, which displays a conscious disregard for the rights and safety of others, which has a great probability of causing substantial harm, entitling plaintiffs not only to compensatory damages, but punitive damages as well.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, Taurean J. Sims, for compensatory damages in a sum to be determined by a jury, but in excess of Seventy-Five Thousand Dollars ($75,000), plus punitive damages in an amount to be separately determined, litigation expenses, costs, reasonable attorneys' fees, and such additional legal and/or equitable relief as the Court finds Plaintiffs to be entitled.

## COUNT TWO
### Negligence And Reckless, Wanton, Wilful, And/Or Intentional Misconduct Of Poch Staffing, Inc., Clifford B. Finkle, Jr., Inc., And/Or Penske Truck Leasing Co., L.P.

(33)  Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(34)  Defendants, Poch Staffing, Inc., dba Trillium Staffing Solutions, Clifford B. Finkle, Jr., Inc., and/or Penske Truck Leasing Co., L.P., had a duty to exercise reasonable care in the hiring, placement, training, retention, and supervision of Defendant Sims, and to promulgate and enforce rules and regulations to ensure its drivers, and the vehicles operated by the drivers, were being operated and maintained in a reasonably safe manner.

(35)  Defendant, Poch Staffing, Inc., dba Trillium Staffing Solutions, Clifford B. Finkle Jr., Inc., and/or Penske Truck Leasing Co., L.P., failed in the performance of the previously described duties, and were negligent as a result.

(36)  These Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages as described in this Complaint.

(37)  These Defendants knew, or should have known, that Defendant Sims' operation of commercial tractor-trailers was unsafe, being in violation of the mandated rules and regulations, including, but not limited to, those regarding hours of service.  These Defendants' knowledge of this wrongful conduct displayed a conscious disregard for the rights and safety of

8

others, which had a great probability of causing substantial harm.  This wrongful conduct was reckless, wanton, wilful, and/or intentional, entitling Plaintiffs to recover punitive damages, as well as compensatory damages.

**WHEREFORE**, Plaintiffs pray for judgment against these Defendants for compensatory damages in a sum to be determined by a jury, but in excess of Seventy-Five Thousand Dollars ($75,000), plus punitive damages in an amount to be separately determined, litigation expenses, costs, reasonable attorneys' fees, and such additional legal and/or equitable relief as the Court finds Plaintiffs to be entitled.

## COUNT THREE
### Vicarious And/Or Strict Liability Of Poch Staffing, Inc., Clifford B. Finkle, Jr., Inc., And/Or Penske Truck Leasing Co., L.P.

(38)   Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(39)   Defendants, Poch Staffing, Inc., Clifford B. Finkle, Jr., Inc., and/or Penske Truck Leasing Co., L.P., as the employers and/or principals of their employee or agent, Defendant, Taurean J. Sims, are vicariously liable for the wrongful acts of their employee or agent, Taurean J. Sims.  The tractor operated by Defendant Sims displayed U.S. DOT number 17723, which number was issued to Clifford B. Finkle, Jr., Inc. by the U.S. Department of Transportation, making it responsible to Plaintiffs for their damages.  As a direct and proximate result of the wrongful conduct of these Defendants, Plaintiff, Terry Sutphen, suffered personal injuries and consequential damages, including, but not necessarily limited to, pain and suffering, medical expenses, mental anguish, loss of the ability to engage in regular activities from which he derived pleasure in life, lost income, and loss of earning capacity.  These injuries have been previously described in paragraphs 1, 26, 30, and 31 of this Complaint.

**WHEREFORE**, Plaintiffs pray for judgment against these Defendants for compensatory damages in a sum to be determined by a jury, but in excess of Seventy-Five Thousand Dollars ($75,000), plus punitive damages in an amount to be separately determined, litigation expenses, costs, reasonable attorneys' fees, and such additional legal and/or equitable relief as the Court finds Plaintiffs to be entitled.

## COUNT FOUR
### Negligence And Reckless, Wanton, Wilful, And/Or Intentional Misconduct Of Truck Driver/Defendant, Elmer J. Kropf

(40) Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(41) At all times, Defendant Kropf, had a duty to act with reasonable care for the motoring public.

(42) Defendant Kropf breached that duty by, among other things, parking his truck on the shoulder in a non-emergency situation, as well as by failing to activate the vehicle's hazard warning signal flashers and/or place hazard triangles to warn oncoming vehicles, in violation of 49 C.F.R. §392.22.

(43) Defendant Kropf parking his commercial motor vehicle on the shoulder/berm in a non-emergency situation without activating the vehicle's hazard warning signal flashers, and/or failing to place hazard triangles in violation of Federal Motor Carrier Safety Regulations constitutes reckless, wanton, wilful, and/or intentional misconduct, which displays a conscious disregard for the rights and safety of others, which has a great probability of causing substantial harm, entitling Plaintiffs not only to compensatory damages, but punitive damages as well.

(44) Defendant Kropf's wrongful conduct was a direct and proximate cause of Mr. Sutphen's severe and permanent injuries, as previously described.

(45) As a result of his injuries, Mr. Sutphen has incurred, and will continue to incur, pain and suffering, incurred and will continue to incur medical expenses, lost wages, and lost the ability to engage in his regular activities of which he derived pleasure in life.

**WHEREFORE**, Plaintiffs pray for judgment against defendant, Elmer J. Kropf, for compensatory damages in a sum to be determined by a jury, but in excess of Seventy-Five Thousand Dollars ($75,000), plus punitive damages in an amount to be separately determined, litigation expenses, costs, reasonable attorneys fees, and such additional legal and/or equitable relief as the Court finds Plaintiffs to be entitled.

### COUNT FIVE
### Negligence And Reckless, Wanton, Wilful, And/Or Intentional Misconduct Against P&P Transportation Services, Inc.

(46) Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(47) Defendant, P&P Transportation Services, Inc., had a duty to act reasonably in the hiring, placement, training, retaining, and supervision of Defendant Kropf, and to promulgate and enforce rules and regulations to ensure its drivers and the vehicles they operated were reasonably safe and operated and maintained in a reasonably safe manner.

(48) Defendant, P&P Transportation Services, Inc., failed to properly hire, place, retain, supervise, and train Defendant Kropf in proper roadway safety rule compliance, including, but not limited to, only parking on the shoulder or berm of the highway in an emergency situation, activating the vehicle's hazard warning signal flashers pursuant to 49 C.F.R. §392.22, and/or placing warning triangles behind his vehicle when stopped for an emergency. Because Defendant, P&P Transportation Services, Inc., failed in the above-mentioned duties, it was therefore negligent.

(49) In addition, Defendant, P&P Transportation Services, Inc., knew, or should have known, that Defendant Kropf's operation of its commercial tractor-trailer was unsafe and in violation of mandated rules and regulations concerning the operation of commercial vehicles including, but not limited to, the Federal Motor Carrier Safety Regulations. This Defendant's knowledge of this wrongful conduct displayed a conscious disregard for the rights and safety of others, which had a great probability of causing substantial harm. This wrongful conduct was reckless, wanton, wilful, and/or intentional, entitling Plaintiffs to punitive damages, as well as compensatory damages.

(50) Defendant, P&P Transportation Services, Inc.'s, wrongful conduct was a direct and proximate cause of Mr. Sutphen's injuries as described above. The tractor operated by Defendant Kropf displayed U.S. DOT number 244793, which number was issued to P&P Transportation Services, Inc. by the U.S. Department of Transportation, making it responsible to Plaintiffs for their damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, P&P Transportation Services, Inc., for compensatory damages in a sum to be determined by a jury, but in excess of Seventy-Five Thousand Dollars ($75,000), plus punitive damages in an amount to be separately determined, litigation expenses, costs, reasonable attorneys fees, and such additional legal and/or equitable relief as the Court finds Plaintiffs to be entitled.

## COUNT SIX
### Vicarious Liability And/Or Strict Liability Of P&P Transportation Services, Inc. For The Negligent And Wrongful Conduct Of Defendant, Elmer J. Kropf

(51) Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(52) Defendant Kropf was the employee or agent of Defendant, P&P Transportation Services, Inc. Accordingly, Defendant, P&P Transportation Services, Inc., is vicariously liable for the acts of Defendant Kropf as described in Count Four.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, P&P Transportation Services, Inc., for compensatory damages in a sum to be determined by a jury, but in excess of Seventy-Five Thousand Dollars ($75,000), plus punitive damages in an amount to be separately determined, litigation expenses, costs, reasonable attorneys fees, and such additional legal and/or equitable relief as the Court finds Plaintiffs to be entitled.

### COUNT SEVEN
### Loss of Consortium

(53) Plaintiffs reiterate all well pled material allegations set forth above and reallege and incorporate them as if fully rewritten herein.

(54) Plaintiff, Beverly Sutphen, is the lawful spouse of Plaintiff, Terry Sutphen. As a direct and proximate result of the serious permanent injuries that Terry Sutphen sustained due to the crash, Beverly Sutphen sustained a loss of companionship, care, guidance, support, services, assistance, attention, protection, advice, counsel, and consortium provided by her husband, as well as mental anguish directly and proximately resulting from injuries and damages sustained by her spouse, Terry Sutphen.

**WHEREFORE**, Plaintiff, Beverly Sutphen, prays for judgment against these Defendants for compensatory damages in a sum to be determined by a jury, but in excess of Seventy-Five Thousand Dollars ($75,000), plus punitive damages in an amount to be separately determined, litigation expenses, costs, reasonable attorneys fees, and such additional legal and/or equitable relief as the Court finds her to be entitled.

Respectfully submitted,

*s/Florence J. Murray*
Florence J. Murray (0080292)
fjm@murrayandmurray.com
Charles M. Murray (00520823
cmm@murrayandmurray.com
William H. Bartle (0008795)
whb@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio  44870-2517
Telephone:  (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury in the above-styled cause of action.

*s/ Florence J. Murray*
Florence J. Murray (0080292)
MURRAY & MURRAY CO., L.P.A.

Attorney for Plaintiffs