IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **TERRY SUTPHEN, et al.,** | CASE NO. 3:20 CV 648 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MIDWEST CONSTRUCTION SERVICES, INC., et al.,** | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

This personal injury case arises out of an August 2018 multi-vehicle collision. Plaintiffs Terry Sutphen ("Sutphen") and his spouse Beverly Sutphen allege Defendant Taurean J. Sims (employed by or an agent of Defendants Clifford B. Finkle, Jr., Inc., Midwest Construction Services, Inc., and/or Penske Truck Leasing Company, L.P.), driving a semi tractor-trailer, struck an illegally-parked vehicle on the berm of the Ohio Turnpike driven by Defendant Elmer J. Kropf (employed by or an agent of Defendant P&P Transportation Services, Inc.), and then struck a semi tractor-trailer driven by Sutphen, causing injury to Sutphen. *See* Doc. 32, at 2. Jurisdiction is proper under 28 U.S.C. § 1332.

Currently pending before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 63), to which Defendants Clifford B. Finkle, Jr., Inc. and Penske Truck Leasing filed an opposition (Doc. 66), and Plaintiffs replied (Doc. 68). For the reasons set forth below, the Court denies the Motion.

**BACKGROUND**

Plaintiffs originally filed this case in March 2020, asserting causes of action for negligence, reckless, wanton, willful and/or intentional misconduct, vicarious liability, and loss of consortium. (Doc. 1). In August 2020, Plaintiffs amended their complaint for the first time to clarify jurisdictional allegations and substitute various parties. *See* Doc. 32. There are also crossclaims between the various Defendants. *See* Docs. 37, 43.

In September 2020, the Court held a case management conference during which it set a pleading amendment deadline of November 15, 2020. (Doc. 44).

**STANDARD OF REVIEW**

Seeking leave to amend a complaint after a Court's scheduling order deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). Rule 16 requires the district court to enter a scheduling order that includes a deadline for amending pleadings, Fed. R. Civ. P. 16(b)(3)(A), and establishes the district court can modify its scheduling order "only for good cause", Fed. R. Civ. P. 16(b)(4). Thus, "[o]nce the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)". *Leary*, 349 F.3d at 909; *Commerce Benefits Grp. Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added). Parties "can demonstrate

'good cause' for their failure to comply with the original schedule [ ] by showing that despite their diligence they could not meet the original deadline." *Leary*, 349 F.3d at 907.

### DISCUSSION

In their motion, Plaintiffs request leave to amend their complaint to add as Defendants Finkle Transport, Inc., James C. Finkle, Jr., and Clifford Finkle IV and to add claims asserting: (1) a fraudulent transfer of assets under the Uniform Fraudulent Transfer Act, and (2) owners James C. Finkle, Jr. and Clifford Finkle IV should be held individually liable for the corporate debts of Clifford B. Finkle, Jr., Inc. and its alleged successor corporation Finkle Transport, Inc.

The underlying issues in this case revolve around various Defendants' liability related to a multi-vehicle collision. Plaintiffs seek to add two claims regarding Defendant Clifford B. Finkle, Jr., Inc's assets, asserting that due to a fraudulent transfer and an assertedly contractually-deficient insurance policy, amendment is necessary to ensure sufficient funds are available to compensate Plaintiffs fully and fairly. In their Reply brief, Plaintiffs assert they were not aware of all the facts necessary to bring such a claim until June 2021.

The Court acknowledges Plaintiffs have correctly cited case law suggesting a fraudulent transfer claim *may* be brought prior to judgment. *See Gilvery v. Creative Dimensions in Educ., Inc.*, 2012 WL 3656332, at *3 (N.J. Super. Ct. App. Div.).[1] However, this Court finds the issues raised by Plaintiffs' proposed amendment are of the type more traditionally appropriate for a post-judgment (or separate action) – if necessary – rather than raised at this late juncture in this tort action.

This case is nearly eighteen-months old, and the discovery deadline approaches in just over two months. The proposed amendment would broaden and change the scope of this case

---

1. Clifford B. Finkle, Jr., Inc. was a New Jersey corporation.

prior to any court or jury determination that Clifford B. Finkle, Jr., Inc. is (1) liable, and/or (2) liable for any specific amount of damages.

Moreover, the Court further notes Plaintiffs will not be prejudiced by this ruling. Plaintiffs acknowledge they can bring the claims they seek amendment to add in a separate action, and acknowledge the four-year statute of limitations for a fraudulent transfer claim. *See* Doc. 68, at 8. Plaintiffs assert the alleged fraudulent transfer occurred in July 2019, just over two years ago. Thus, the statute of limitations on such a claim is not imminently impending.

The Court thus finds that, even if Plaintiffs have or could show good cause for their failure to raise these issues prior to the scheduling order's deadline, Fed. R. Civ. P. 16(a)(4), justice will not be served by the Court permitting Plaintiffs' amendment regarding these ancillary issues at this late juncture, *see* Fed. R. Civ. P. 15(a)(2).

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 63), be and the same hereby is, DENIED.

                                                  s/ *James R. Knepp II*
                                                  UNITED STATES DISTRICT JUDGE